# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID E. KATES** | **CIVIL ACTION NO. 09-1447** |
| **VS.** | **SECTION P** |
| | **JUDGE MELANÇON** |
| **LT. MICIELI, ET AL.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for the issuance of a Temporary Restraining Order filed by *pro se* plaintiff David E. Kates in connection with the above captioned civil rights lawsuit. [rec. doc. 3]. In his original Complaint, plaintiff names Lieutenant Micieli, Correctional Officer Mr. Mandalfo and Captain Gregory Kizziah as defendants. Plaintiff complains that he has been subjected to cruel and unusual punishment and has been denied his right to practice his religion and petition the courts. Plaintiff seeks damages.

Specifically, in his Original Complaint, plaintiff alleges that on July 16, 2009, Officer Mandalfo "smash[ed]" plaintiff's wrist and finger in the steel food trap, called him a terrorist and threatened to poison his food, in violation of his Eighth Amendment rights.

He further alleges that on July 20, 2009, Lieutenant Micieli placed him in ambulatory restraints for five hours, and four point bed restraints for thirteen hours. During this time, plaintiff alleges that he was forced to eat, drink, urinate and defecate while restrained, and that he was not provided toilet paper, sheets, shoes or a blanket.

Plaintiff further complains that he could not pray five times that day as required by his Muslim faith, in violation of his Eighth and First Amendment rights. The accompanying Motion reveals that these restraints were apparently applied as a result of plaintiff's having spit on Micieli, for which assault charges are pending.

Finally, plaintiff complains that Captain Kizziah, who is "over security"in the unit, is responsible for his being placed in restraints. He further is alleged to have violated plaintiff's First Amendment right to petition the courts on July 21, 2009, when plaintiff was still restrained, by stating that plaintiff would not get any "legal property" to write the courts.

Plaintiff admits that he has not yet exhausted BOP remedies prior to filing suit, but claims that this incident presents a life or death situation and hence, he need not await final determination of his claims.

By this Motion, plaintiff seeks the issuance of a temporary restraining order to protect him from the alleged unjust and inhumane treatment. [rec. doc. 3]. In support of his request, plaintiff re-avers the allegations of his Complaint.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

In order to obtain a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, it is necessary for plaintiff to show by affidavit or verified

complaint that immediate and irreparable injury, loss or damage will result to him before the respondents can be heard in opposition, and plaintiff must certify to the court in writing the efforts which have been made to give notice to the adverse party or reasons why notice should not be required. Plaintiff has failed to satisfy either requirement.

Plaintiff fails to demonstrate that he will suffer immediate and irreparable injury, loss or damage should this court not act before the respondents can be heard in opposition. To the contrary, the complained of incidents occurred in the past, over one and one half months ago, on July 16, 20 and 21, 2009, respectively, and were of short and limited duration. While plaintiff has expressed his belief that his life is in danger, there is no competent evidence in the record before this court showing that a failure to immediately act will result in any injury, much less irreparable injury.

To the contrary, plaintiff admits that his complaints are currently pending before the BOP, having been presented by plaintiff through administrative grievance process, and there is no indication that the BOP will be unable to adequately address these complaints without judicial intervention.

Moreover, plaintiff has not shown that he has made any effort to advise the defendants of his request for a temporary restraining order, and has failed to present any reasons why the required notice should not be given.

Finally, the issues which are the subject of this separate Motion are the same issues raised in plaintiff's Complaint which will be addressed in the instant civil action. Thus, plaintiff's separately filed Motion is duplicative and repetitive. Plaintiff cannot evade the

orderly disposition of his claims by filing a separate motion for injunctive relief.

For the above reasons, **IT IS RECOMMENDED** that plaintiff's Motion for the issuance of a Temporary Restraining Order [rec. doc. 3] should be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 31st day of August, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE