UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID E. KATES | CIVIL ACTION NO. 2:09-1447 |
| VS. | SECTION P |
| | JUDGE MELANÇON |
| LT. MICIELI, ET AL. | MAGISTRATE JUDGE HILL |

## ORDER

Before the court is a letter received from plaintiff dated December 21, 2009, which the Clerk has construed as a Motion for Investigation. [rec. doc. 18]. By this Motion, plaintiff complains that he has been the subject of retaliation as a result of the filing of the instant litigation. More specifically, plaintiff complains that he was placed in restraints from November 18, 2009 to December 11, 2009, that Lt. Micieli destroyed his unidentified personal property, taunted him and acted unprofessionally, and denied him lunch and dinner on December 20, 2009. Plaintiff states that he has filed new complaints with prison officials regarding these actions. However, he believes that his "life and well being" are in danger. Thus, plaintiff requests that this court refer his complaints to the FBI for investigation.

In his original Complaint, plaintiff complains that in July, 2009, Officer Mandalfo "smash[ed]" plaintiff's wrist and finger in the steel food trap, called him a terrorist and threatened to poison his food, in violation of his Eighth Amendment rights, that Lieutenant Micieli placed him in ambulatory restraints for five hours, and four point bed

2

restraints for thirteen hours, that he could not pray five times that day as required by his Muslim faith, in violation of his Eighth and First Amendment rights, and that Captain Kizziah violated plaintiff's First Amendment right to petition the courts, when plaintiff was restrained. The accompanying Motion for TRO filed contemporaneously with the Complaint reveals that plaintiff was placed in restraints as a result of plaintiff's having spit on Lt. Micieli, for which assault charges are pending against plaintiff. This court's denial of plaintiff's Motion for TRO is currently pending on appeal in the United States Fifth Circuit Court of Appeal. [rec. doc. 10].

The actions complained of in the instant Motion occurred in the past and were of short and limited duration. While plaintiff has expressed his belief that his life is in danger, there is no competent evidence in the record before this court evincing that a failure to immediately act will result in any life threatening injury. To the contrary, plaintiff admits that his new complaints are currently pending before the BOP, and there is no indication that the BOP will be unable to adequately address these complaints without judicial intervention.

Further, this court cannot, and will not, order law investigatory agencies, such as the FBI, to conduct a investigation of plaintiff's complaints. The authority to do so lies within the discretion of the executive, rather than the judicial branch. *See Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 1656 (1985); *Inslaw, Inc. v. Thornburgh*, 753 F.Supp. 1, 4-6 (D.D.C.1990); *United States v. Rockwell*, 924 F.2d 928, 937-38 (9th Cir.

3

1991) (Reinhardt, concurring); *United States v. Hunter*, 13 F. Supp.2d 586, 591 (D. Vermont 1998); *May v. Kennard Independent School District*, 1996 WL 768039, *4 (E.D. Tex. 1996) (declining to order the commencement of a federal investigation noting the "extremely strong presumption" against judicial intrusion into executive functions, based on the separation of powers principle which acts as a restraint on the power of federal courts). It is not the province of this court to inject itself into traditionally executive areas of decision making, as that would implicate the constitutional principle of separation of powers. *May* and *Inslaw, Inc.*, *supra*. Should plaintiff wish to file criminal or civil complaint, he should contact the appropriate department, office or agency.[1] *McCloud v. Craig*, 2009 WL 251 5609, *2 (E.D. La. 2009) ("Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts."); *Bland v. Terrebonne Parish Criminal Justice Complex*, 2009 WL 3486449, *3 (E.D. La. 2009) (same); *Hymel v. Champagne*, 2007 WL 1030207, *2 (E.D. La. 2007) (denying plaintiff's request that the court order an investigation of a correctional center stating "this Court has no authority to issue such an order and plaintiff has no constitutional right to such an order. Moreover, to the extent that plaintiff is alleging that a criminal investigation should be instituted, such

---

[1] Plaintiff may pursue his request with the United States Department of Justice, the Federal Bureau of Investigations, the United States Attorney's Office, the Parish District Attorney's Office or the various state and local law enforcement agencies.

4

investigations are solely within the purview of law enforcement authorities.").

For the above reasons, plaintiff's Motion for Investigation [rec. doc. 18] is

**DENIED.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, January 4, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE